**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FRANCES SCOTT-CLARK, )
)
Plaintiff, )
)
vs. )
)
DYNAMIC RECOVERY SERVICES, INC., )
)
Defendant. )

## COMPLAINT

## INTRODUCTION

1. Plaintiff Frances Scott-Clark brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Dynamic Recovery Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Frances Scott-Clark is an individual who resides in the Northern District of Illinois.

5. Defendant Dynamic Recovery Services, Inc. is a Texas corporation with its principal place of business located at 4101 McEwen, Suite 150, Farmers Branch, TX 75244. It does business in Illinois. Its registered agent and office in Illinois is Illinois Corporation Service Co., 801 Adlai

Stevenson Drive, Springfield, IL 62703.

6. Dynamic Recovery Services, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Dynamic Recovery Services, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged debt incurred, if at all, for personal, family or household purposes.

9. During March 2013, defendant called plaintiff and threatened to garnish her wages, put a "hold" on her assets, and have a warrant issued for her.

10. The threatened action was not legally permissible or not authorized.

11. Plaintiff was upset and aggravated at the call.

## COUNT I – FDCPA

12. Plaintiff incorporates paragraphs 1-11.

13. Defendant's call violated 15 U.S.C. §1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7) and 1692e(10).

14. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

> **(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

15. Plaintiff incorporates paragraphs 1-11.

16. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

17. Defendant violated the following provisions of 225 ILCS 425/9(a):

> **. . . (11) Threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists.**
>
> **(12) Threatening the seizure, attachment or sale of a debtor's property where such action can only be taken pursuant to court order without disclosing that prior court proceedings are required. . . .**
>
> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

18. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

19. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1) Compensatory and punitive damages;

(2) Costs.

(3) Such other and further relief as is appropriate.

**COUNT III – INVASION OF PRIVACY**

20. Plaintiff incorporates paragraphs 1-11.

21. Defendant violated plaintiff's right to seclusion by engaging in the conduct set forth above.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages, including general damages;

(2) Punitive damages;

(3) Costs of suit;

(4) Such other or further relief as the Court deems proper.

**COUNT IV – CONSUMER FRAUD ACT**

22. Plaintiff incorporates paragraphs 1-11.

23. Defendant engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by making the representations set forth above.

24. Defendant engaged in such conduct in the course of trade and commerce.

25. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages;

(2) Punitive damages;

(3) An injunction against further violation.

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

**VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Frances Scott-Clark

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com